UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| GOVERNOR'S VILLAGE, LLC ) and ) NAVIGROUP, LLC ) ) | JURY TRIAL DEMAND |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dorothy Pesta ("Ms. Pesta"), who adversely was affected by such practices. Dorothy Pesta, Defendant's activities director for over two years, is an individual with a disability in that she has a birth deformity affecting her muscular-skeletal system. She has short arms, no hands or elbows, she has no thumbs, and she has one finger at the end of each arm. She uses both arms, referred to as flippers, to perform all sorts of tasks normally associated with manual dexterity. She is unable to grasp items and cannot reach above her head. She is missing bones in her legs and has undergone hip and knee replacements.

As described in more detail below, the United States Equal Employment Opportunity Commission ("Plaintiff" or "the Commission") alleges that NaviGroup, LLC ("Defendant") violated the ADA by denying to Ms. Pesta a reasonable accommodation and by terminating her

because of her disability and because she opposed the removal of the reasonable accommodations previously furnished to her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 503(c) and 107(a) of the ADA, 42 U.S.C. § 12203(c) and 42 U.S.C. § 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("ADA"); Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, an agency of the United States of America, is charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Sections 503(c) and 107(a) of the ADA, 42 U.S.C.§ 12203(c) and § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Michigan corporation doing business in the state of Ohio and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h); and Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Ms. Pesta filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June, 2007, Defendant has engaged in unlawful employment practices in the State of Ohio in violation Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a) and Section 503 of Title V of the ADA. These practices include the following:

    a. Denying reasonable accommodation to Ms. Pesta, a qualified individual with a disability, by reconfiguring her work areas by removing work tables which were essential to the performance of her job;

    b. Terminating Ms. Pesta because she complained about the removal of the work tables from her work areas; and

    c. Terminating Ms. Pesta because of her disability.

9. The effect of the practices complained of in paragraph 8 above, has been to deprive Ms. Pesta of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10. The unlawful employment practices complained of herein were intentional.

11. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Ms. Pesta.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against employees based on their disability.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against applicants and employees with disabilities, including Ms. Pesta, by unlawfully denying reasonable accommodations to those applicants and employees.

C. Order Defendant to make whole Ms. Pesta by providing rightful-place instatement to her previous position or one comparable thereto along with appropriate back pay with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Ms. Pesta by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein above, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Pesta by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional and mental anguish, pain and suffering.

F. Order Defendant to pay Ms. Pesta punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further legal or equitable relief as the Court deems necessary and proper to the public interest, including requiring Defendant to post notices to the employees and to train its workforce regarding Defendant's obligations and its workforce's rights under the ADA.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**RONALD S. COOPER**
**GENERAL COUNSEL**

**JAMES L. LEE**
**DEPUTY GENERAL COUNSEL**

**GWENDOLYN YOUNG REAMS**
**ASSOCIATE GENERAL COUNSEL**
**WASHINGTON, D.C.**

*/s/ Jacqueline H. McNair*
**JACQUELINE H. MCNAIR**
**REGIONAL ATTORNEY**

*/s/ Judith A. O'Boyle*
**JUDITH A. O'BOYLE**
**SUPERVISORY TRIAL ATTORNEY**

*/s/ M. Jean Clickner (JOB)*
**M. JEAN CLICKNER**
**TRIAL ATTORNEY**
PA. I.D. NO. 42738
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
jean.clickner@eeoc.gov
(412) 644-6439
(412) 644-4935 (facsimile)

5